UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SCHMID CONSTRUCTION, INC.,**

    **Plaintiff,**

v.                                                 Case No: 5:22-cv-531-JSM-PRL

**R.E. YATES ELECTRIC, INC.,**

    **Defendant.**

### REPORT AND RECOMMENDATION[1]

This case involves Plaintiff, Schmid Construction, Inc.'s ("Schmid") petition to vacate and Defendant, R.E. Yates Electric, Inc.'s ("Yates") counter-petition to confirm an arbitration award entered in favor of Yates in an AAA arbitration. Schmid contends that the award should be vacated because the arbitrator had a conflict of interest, and the award was arbitrary and capricious and made in manifest disregard of the law. (Doc. 1-1). Schmid has filed a motion seeking limited discovery regarding the arbitrator's alleged conflict of interest. (Doc. 19). In response, Yates asks the Court to confirm the arbitration award (Doc. 8) and contends that this matter should be resolved on the papers without the requested discovery.

    **I.    BACKGROUND**

This lawsuit arises out of the construction of two assisted living facilities for adults in Central Florida. The parties entered in to two subcontracts whereby Yates agreed to perform

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

electrical work for Schmid (the general contractor). Both subcontracts contained an arbitration clause requiring the submission of any disputes to the American Arbitration Association ("AAA"). A contractual dispute arose, and on July 13, 2021, Yates filed an arbitration demand with the AAA seeking to recover its damages. (Doc. 1-1 at 267-68).

The parties agreed to the appointment of a single arbitrator—Mr. Mark Young—to resolve their dispute. On March 1, 2022, Arbitrator Young issued an order scheduling an evidentiary hearing for the matter to begin on June 27, 2022. On March 10, 2022, the AAA informed the parties that Arbitrator Young had disclosed that he would soon be joining a new law firm, Kubicki Draper, and requested the parties provide the AAA with any objections to Arbitrator Young's disclosure. In response, Schmid's counsel, Christopher Weiss, sent an email to the AAA requesting the AAA: (1) disqualify Arbitrator Young because another lawyer in his new firm was counsel of record in a lawsuit pending in Osceola County, Florida, where Mr. Weiss claimed to represent one of 10 other co-defendants; and (ii) appoint a three-arbitrator panel. (Doc. 1-1 at 247-49). On March 17, 2022, Yates filed with the AAA an Opposition to Schmid's email explaining that Arbitrator Young's new law firm had no connection to the proceeding, any of the parties, or to any of the parties' counsel, and Schmid failed to meet its legal burden of presenting credible evidence of bias. (Doc. 1-1 at 253-61).

On March 18, 2022, the AAA issued a ruling denying Schmid's request, stating: "After careful consideration of the parties' contentions, the American Arbitration Association (the AAA) has determined that Mark Young will be reaffirmed as the arbitrator in the above matter." (Doc. 1-1 at 250-51).

In June and July 2022, Arbitrator Young conducted an evidentiary hearing via video conference. On September 2, 2022, Arbitrator Young issued an "Interim Award of

Arbitrator" awarding Yates $17,186.95 in damages and declaring Yates the "prevailing party" entitled to its attorney's fees and costs (the "Interim Award"). (Doc. 1-1 at 226-32). As directed by the Interim Award, Yates filed a submission setting forth its attorneys' fees as well as an expert report analyzing the reasonableness of the fees. (Doc. 1-1 at 282-94). Schmid filed a response that did not object to the reasonableness of Yates' fees, but instead was a motion for reconsideration requesting Arbitrator Young reverse his determination that Yates was the prevailing party. (Doc. 1-1 at 359-65). On October 11, 2022, Arbitrator Young issued the Final Award in which he denied Schmid's motion to reconsider and awarded Yates $242,761.50 in attorney fees and costs. (Doc. 7-2 at 2). As such, the total awarded amount to Yates is $259,948.45 (i.e., $17,186.95 from the Interim Award plus $242,761.50 from the Final Award).

On October 11, 2022, Schmid filed a "Motion for Modification" of the Final Award. (Doc. 7-3 at 3-5). Yates filed an opposition in which it argued that Schmid's motion was procedurally improper and barred because Schmid had identified no clerical, typographical, technical or computational error in the Final Award (which was the only basis under the AAA rules for such a Motion). (Doc. 7-3 at 7-9). On October 24, 2022, Arbitrator Young denied Schmid's Motion, issuing a "Disposition of Application for Modification of Award" stating: "In all other respects the Final Award of Arbitrator Young dated October 11, 2022, is reaffirmed and remains in full force and effect." Shortly thereafter, Schmid filed the instant action seeking to vacate the Interim and Final Awards. [2]

---

[2] On November 2, 2022, Schmid filed this action in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, State of Florida. Five days later, on November 7, 2022, Yates removed the action to this Court based on diversity jurisdiction. (Doc. 1).

## II.     STANDARD OF REVIEW

The Federal Arbitration Act ("FAA") governs the review of decisions issued by arbitrators and reflects a national policy in favor of arbitration. As such, there is a "presumption under the FAA that arbitration awards will be confirmed." *McLaurin v. Terminix Int'l Co., LP*, 13 F.4th 1232, 1238 (11th Cir. 2021). Under the FAA, once parties agree to arbitrate all disputes, "the merits [are] thus committed to the arbitrators." *Gherardi v. Citigroup Glob. Markets Inc.*, 975 F.3d 1232, 1235 (11th Cir. 2020). Judicial review of arbitration decisions is "among the narrowest known to the law." *Id.* (quoting *Bamberger Rosenheim, Ltd. v. OA Dev., Inc.*, 862 F.3d 1284, 1286 (11th Cir. 2017)) (quoting *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007)). And vacatur by district courts "is allowed 'only in very unusual circumstances,' and those 'very unusual circumstances' are described in the statute." *Gherardi*, 975 F.3d at 1236.*Id.* (internal quotations removed).

Specifically, the FAA provides four circumstances where it is appropriate for a court to vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The Eleventh Circuit has confirmed that these four grounds for vacatur are exclusive, failing which the arbitration award must be confirmed. *See Johnson v. Directory Assistants, Inc.*, 797 F.3d 1294, 199 (11th Cir. 2015) ("While several judicially-created bases for vacatur had developed in this circuit over the past few decades, we held in *Frazier* that such grounds are no longer valid" and "[t]hus the grounds for vacatur listed in § 10(a) are exclusive.").

Proceedings to vacate or confirm an arbitration award are "summary in nature to effectuate the national policy of favoring arbitration, and they require 'expeditious and summary hearing, with only restricted inquiry into factual issues.'" *O.R. Sec. Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 747-48 (11th Cir. 1988). Discovery, although limited, is allowed where a party has made a legally sufficient showing for a vacatur of an award. *See Levy v. Citigroup Global Markets, Inc.*, No. 06-21802-CIV-UNGARO-BENAGES, 2006 WL 8432741, *1 (S.D. Fla. Oct. 17, 2006) (*citing Univ. Commons-Urbana, Ltd. v. Universal Constr., Inc.*, 304 F.3d 1331 (11th Cir. 2002). Notably, a party cannot be permitted to relitigate the merits of its claim here; thus, district courts have discretion to deny discovery on issues that should have been addressed during the course of the arbitration proceedings. *O.R. Sec. Inc.*, 857 F.2d at 748-49.

### III.   DISCUSSION

#### A. Petition to Vacate

##### 1. "Evident Partiality"

Section 10 of the FAA permits vacatur "where there was evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a)(2). In the Eleventh Circuit, "an arbitration award may be vacated due to the 'evident partiality' of an arbitrator only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which

would lead a reasonable person to believe that a potential conflict exists." *Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc.,* 146 F.3d 1309, 1312 (11th Cir.1998) (citing *Lifecare Int'l, Inc. v. CD Med., Inc.,* 68 F.3d 429, 433 (11th Cir.1995) and *Middlesex Mut. Ins. Co. v. Levine,* 675 F.2d 1197, 1202 (11th Cir.1982). If an actual conflict does not exist, the movant must show that the partiality is "direct, definite and capable of demonstration rather than remote, uncertain and speculative." *Univ. Commons*, 304 F.3d at 1339 (internal citations and quotations omitted.) "The burden of proving facts which would establish a reasonable impression of partiality rests squarely on the party challenging the award." *Middlesex Mut. Ins. Co. v. Levine*, 675 F.2d 1197, 1201 (11th Cir. 1982).

As an initial matter, Schmid has filed a motion requesting limited discovery related to the "evident partiality" of Arbitrator Young. Specifically, Schmid seeks to depose the hiring partner or manager of Kubicki Draper:

> a. To obtain information regarding the first date that Arbitrator Mark Young's employment began with the law firm of Kubicki Draper.
>
> b. To determine whether Kubicki Draper created any type of a firewall, ethical wall, Chinese wall or screen to keep Arbitrator Mark Young from representing, receiving or exchanging information or communication regarding the firm's representation of Dansco Engineering, LLC whose interest is adverse to the undersigned's representation of Osceola Properties & Investments n/k/a Big Cypress Interceptor, LLC, a Florida Limited Liability Company in the Osceola County Circuit Court Case No. 2021-CA-001948.
>
> c. To determine what measures or procedures were implemented to assure any Chinese wall or ethical screen was enforced in order to keep Arbitrator Young from any involvement or participation in the case involving Dansco Engineering, LLC and Osceola Properties & Investments, referenced in paragraph 2b above, including whether or how and at what point in time any such ethical wall was successfully implemented.

(Doc. 19).

Here, because Schmid has failed to make a legally sufficient showing of evident partiality as to Arbitrator Young, its motion for discovery is due to be denied, as is its motion to vacate the award on that ground.

The parties agreed to the appointment of Arbitrator Mark Young as a single arbitrator. After the arbitration proceedings had begun, Mr. Young disclosed that he was joining the law firm of Kubicki Draper. Mr. Weiss then moved to disqualify Mr. Young based on a purported conflict. Mr. Weiss pointed to a separate lawsuit (2021-CA-001948 ON) pending in the Circuit Court of The Ninth Judicial Circuit in and for Osceola County, Florida. (Doc. 1-1 at 248).[3] In that case, Heritage Run Townhome Association, Inc. filed a lawsuit against eleven different defendants. Mr. Weiss represented one of the defendants, Osceola Properties & Investments N/K/A Big Cypress Interceptor, LLC and Mr. Saul (another lawyer with Kubicki Draper in the Tampa Office) represented another defendant, Dansco Engineering, LLC. After considering the arguments of counsel, the AAA confirmed Mr. Young as the arbitrator.

Schmid contends that Mr. Young "should have withdrawn as Arbitrator as soon as it became known that his new firm Kubicki Draper was representing a party, Dansco Engineering, LLC, which has clearly adverse interests to those of the undersigned's client, Osceola Properties & Investments n/k/a Big Cypress Interceptor, LLC, a Florida Limited Liability Company, in the same suit."

Notably, however, there is no suggestion that Arbitrator Young or Kubicki Draper has any involvement or any relationship with either of the parties to this Arbitration; any interest

---

[3] The complaint from that case, as well as a copy of the docket sheet are filed as attachments to Doc. 15.

in the financial fortunes of either of the parties to this Arbitration; or any other connection to either of the parties. The mere fact that Arbitrator Young's law firm has had contacts with Mr. Weiss in an entirely different case, fails to suggest that Arbitrator Young is not independent or impartial in this entirely separate matter. Nor would it cause a reasonable person to believe that a potential conflict exists. *See e.g., Matter of JEA v. El Paso Mun. Energy, LLC,* No. 3:04-cv-1313-J-UA-MCR, 2005 WL 8159658, at *4 (M.D. Fla. Mar. 29, 2005) (rejecting claim by party to disqualify arbitrator based upon other clients represented by arbitrator's law firm because "such attenuated relationships do not give rise to either a reasonable impression of partiality nor would they cause a reasonable person to believe that a potential conflict exists" and "merely highlight the small world phenomenon as frequently experienced in daily life…"). *Compare with Univ. Commons-Urbana, Ltd. v. Universal Constructors Inc.*, 304 F.3d 1331, 1340-41 (11th Cir. 2002) (holding that the arbitrator's concurrent legal interactions with lawyers who represent one of the parties in the arbitration raised an issue of evident partiality); *Middlesex Mut. Ins. Co. v. Levine*, 675 F.2d 1197, 1204 (11th Cir. 1982) (affirming vacatur of arbitration award where the arbitrator failed to disclose that his family-owned insurance company was in adversarial litigation with one of the parties to the arbitration).

To the contrary, Schmid's argument appears to be more in the line of "remote, uncertain, and speculative partiality or a mere appearance of bias or partiality, as opposed to bias or partiality that is direct, definite, and capable of demonstration." *Lifecare Intern., Inc. v. CD Medical, Inc.,* 68 F.3d 429, 434 (11th Cir. 1995) (citing *Int'l Produce, Inc. v. A/S Rosshavet,* 638 F.2d 548, 551 n. 3 (2nd Cir.1981) ("It does not follow that an arbitrator's personal feelings in favor of or against one attorney would necessarily be transferred to another attorney in the

same firm."), *cert. denied,* 451 U.S. 1017 (1981)). Accordingly, Schmid has failed to allege an actual conflict, nor would its allegations lead a reasonable person to believe that a potential conflict exists. Thus, Schmid's motion to vacate the award on this ground should be denied, as should its motion for discovery. *O.R. Sec. Inc. v. Pro. Plan. Assocs., Inc.*, 857 F.2d 742, 746 n.3, 747–48 (11th Cir. 1988) ("When, as here, a party seeking to vacate an arbitration award has failed to allege sufficient evidence of a ground for vacating an arbitration award in its initial pleading, it is not an abuse of discretion for the district court to deny discovery and to deny an evidentiary hearing.").

Even if the Court permitted Schmid's discovery, the information Schmid seeks is irrelevant to whether an actual conflict exists. Whether there was an "ethical wall" in place at Kubicki Draper presumes that an actual conflict exists, from which Arbitrator Young had to be shielded. However, as discussed above, Schmid has failed to allege facts sufficient to raise an issue of evident partiality. And the AAA already considered this exact issue and found no conflict. Schmid "cannot be permitted to relitigate the merits of its claim here." *O.R. Sec. Inc.,* 857 F.2d at 747-48 (11th Cir. 1988).

Schmid also argues that Yates intentionally disclosed Schmid's objection to Arbitrator Young and this created animus towards Schmid which is evidenced by the "preposterous ruling." This argument, which is speculative at best, falls well short of alleging an actual conflict, nor would it lead a reasonable person to believe that a potential conflict exists. As an initial matter, the arbitration process contemplates the arbitrator disclosing potential conflicts, with the parties having an opportunity to object. Schmid has not cited any rule preventing the disclosure of its objection to Arbitrator Young. Moreover, the only "evidence" of the purported bias is Arbitrator Young's substantive ruling, which Schmid contends was

erroneous. However, purported mistakes of fact or law do not constitute "evident partiality," otherwise "a §10(a)(2) vacatur could be had whenever the losing party disagreed with the arbitrator, or whenever a reviewing court believed the arbitrator got it wrong." *Thames v. Woodmen of World Life Ins. Soc.,* No. 13-0063-WS-N, 2013 WL 4162257, *8 (S.D. Ala. Aug. 13, 2013); *see also, Wiand v. Schneiderman*, 778 F.3d 917, 926 (11th Cir. 2015) (holding that on a motion to vacate an arbitration award under 9 U.S.C. § 10(a), a district court "may revisit neither the legal merits of the award nor the factual determinations upon which it relies.").

### 2. "Arbitrary and Capricious" and "Manifest Disregard of the Law"

Next, Schmid argues that Arbitrator Young's award should be vacated because it is arbitrary and capricious and constitutes a manifest disregard of the law. *See* Doc. 1-1 at ¶¶ 32–34, 38–39. Schmid's argument is based on outdated case law.

In *Frazier v. CitiFinancial Corp, LLC*, the Eleventh Circuit held that because certain non-statutory grounds for vacatur—i.e, that the award was arbitrary and capricious, in violation of public policy, and made in manifest disregard for the law—were judicially-created and not contained in the FAA, they are "no longer valid" in light of the Supreme Court's 2008 decision in *Hall Street Associates, LLC v. Mattel*, Inc., 522 U.S. 576, 581 (2008):

> We hold that our judicially-created bases for vacatur are no longer valid in light of *Hall Street*. In so holding, we agree with the Fifth Circuit that the categorical language of Hall Street compels such a conclusion. *See Hall Street*, 552 U.S. at 586, 128 S.Ct. at 1404 ("the text compels a reading of the §§ 10 and 11 categories as exclusive"); *id.* at 589, 128 S.Ct. at 1406 ("the statutory text gives us no business to expand the statutory grounds"); *id.* at 590, 128 S.Ct. at 1406 ("§§ 10 and 11 provide exclusive regimes for the review provided by the statute"). As Mrs. Frazier has failed to demonstrate the existence of any of the statutory grounds for vacating or modifying the arbitrator's award, the district court was bound by § 9 to confirm the award.

604 F.3d 1313, 1321, 1324 (11th Cir. 2010) (emphasis added)

Based on this clear precedent, this Court cannot vacate an arbitration award based on the grounds that the award is arbitrary and capricious or in a manifest disregard of the law.

Because Schmid has failed to show that any of the circumstances enumerated in § 10(a) are present here, the arbitration award must be confirmed. See *Johnson v. Directory Assistants, Inc.,* 797 F.3d 1294, 199 (11th Cir. 2015) ("While several judicially-created bases for vacatur had developed in this Circuit over the past few decades, [the Eleventh Circuit] held in *Frazier* that such grounds are no longer valid" and "[t]hus the grounds for vacatur listed in § 10(a) are exclusive.").[4]

### B. Motion to Confirm

Based on the foregoing, Yates' counter-petition to confirm the arbitration award (Doc. 8) should be granted. The arbitration award should be confirmed, and judgment should be entered upon the arbitration award in the principal amount of $259,948.45 (i.e., $17,186.95 from the Interim Award plus $242,761.50 from the Final Award).

In addition, Yates should recover post-award prejudgment interest on the principal amount ($259,948.45) since September 3, 2022—the day after entry of the Interim Award, that found Yates to be the prevailing party for purposes of attorney's fees and costs—through the date judgment is ultimately entered. (Doc. 7-1). See *Carey Rodriguez Greeneberg & Paul, LLP v. Arminak*, 583 F. Supp. 2d 1288, 1292 (S.D. Fla. 2008) ("A confirmed arbitration award bears interest from the date of the award, not from the date of the judgment confirming it."); *Baily v. Leatherman*, 668 So.2d 232, 233 (Fla. App. 1996) (finding that post-judgment interest on an award of attorney's fees and costs starts to accrue from the date that the trial court finds

---

[4] Schmid has not suggested that the arbitration award should be modified pursuant to any of the grounds set forth in 9 U.S.C. § 11.

that the party was entitled to such an award, even though the amount was not determined until a later date.); *Fischbach & Moore, Inc. v. McBro,* 619 So.2d 324, 325 (Fla. App. 1993) (where prevailing party was entitled to attorneys' fees it incurred in arbitration, "the interest started accruing from the date the attorney's right to receive the fee was fixed," not the date the amount was determined).

Moreover, because Yates is the prevailing party, it is entitled to an award of attorneys' fees and costs incurred to respond to Schmid's petition and to confirm the arbitration award against Schmid. The subcontracts between the parties clearly entitle the prevailing party "in any action arising out of [the] subcontract" to recover its "attorney's fees and costs incurred in arbitration and in legal proceedings, including appeals." (Doc. 7-1 at 8; Doc. 1-1 at 172, Doc. 1-1 at 223).].

## IV. Conclusion

For the reasons discussed above, it is **RECOMMENDED** that:

A. Schmid's petition to vacate the arbitration award (Doc. 1) and its motion to permit limited discovery (Doc. 19) should be **DENIED;**

B. Yates' counter-petition to confirm the arbitration award (Doc. 8) should be **GRANTED**, and the Interim and Final Awards issued by Arbitrator Young should be **CONFIRMED** and final judgment should be entered in the principal amount of $259,948.45 (i.e., $17,186.95 from the Interim Award plus $242,761.50 from the Final Award).

C. Yates should also be awarded post-award, prejudgment interest on the principal amount of $259,948.45 beginning on September 3, 2022 (the day after the entry of the interim award) through the date of the final judgment; and

D. Yates should be awarded its attorneys' fees and costs incurred in this proceeding to respond to Schmid's Petition and to confirm the Interim and Final Awards.

**DONE** and **ENTERED** in Ocala, Florida on February 22, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties